748

In re BOGDA et al.

**BOGDA et al. v. ASIMAKOPOULOS.**

No. 7644.

Circuit Court of Appeals, Seventh Circuit.
Dec. 15, 1941.

Rehearing Denied Jan. 13, 1942.

Walter P. Murphy, Walter Wm. Pearson, and John D. King, all of Chicago, Ill., for appellants.

Geo. J. Miller, David J. Ratner, and Michael J. Levenson, Jr., all of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order, entered January 14, 1941, authorizing liquidation of appellants' property in a proceeding under Section 74 of the Bankruptcy Act, 11 U. S.C.A. § 202.

Appellants (herein referred to as "debtors") on July 3, 1935, filed their petition stating they were insolvent and unable to meet their debts upon maturity and prayed for an extension of time. Their principal indebtedness of $90,000, represented by bonds, was secured by a mortgage upon certain real estate. At the time the proceeding in the instant matter was commenced, the mortgage was in default and there was pending in the State Court of Cook County a foreclosure suit, the prosecution of which was enjoined by the court below upon application of the debtors.

The debtors' proposal for extension, filed November 25, 1935, contained provisions for the payment of interest upon the bonded indebtedness, management of the property, dismissal of the foreclosure suit in the state court, and other provisions not here material. It also included the following: "The maturity date of all of said unpaid principal notes, aggregating $90,000.00, shall be extended so that the same shall become due and payable on December 15, 1940, except as to such notes as may be sooner redeemed as hereinafter provided."

With reference to jurisdiction, it was proposed: "This court shall retain jurisdiction of the debtors and their property during the period of extension herein provided, in order to protect and preserve this estate and to enforce the terms of this proposal. The court shall, for due cause shown, upon the petition of any interested party, order the liquidation of this estate for the benefit of creditors or enter such other orders as may be for the best interest of said creditors."

The proposal having been accepted by the requisite number of creditors, an order of confirmation was entered by the court January 13, 1936, containing the following provision: "It is further ordered that the court shall and it does hereby retain juris-

diction of the Debtors herein, Charles A. Bogda and Bertha Bogda, and of their property during the period of the extension in order to protect and preserve the estate and enforce the terms of the said extension proposal confirmed herein."

On December 17, 1940, a petition was filed by a bondholder praying for an order of liquidation. The court's order authorizing the same is the one now in controversy.

The court found that all provisions of the extension proposal and order of confirmation had been complied with except the debtors' failure to pay the principal indebtedness on the date of its extended maturity. The court also found that it had retained jurisdiction of debtors and their property in the event of default in the payment of principal upon the extended maturity date.

The debtors contend that the court is without jurisdiction to order liquidation upon default in the payment of the principal indebtedness for the reason that it is not included as one of the terms of extension. In support of this contention, Section 74, sub. j, is relied upon. This section provides: "* * * upon the confirmation of an extension proposal the court may * * * retain jurisdiction of the debtor and his property during the period of the extension in order to protect and preserve the estate and enforce the terms of the extension proposal." The question for decision, therefore, is whether the debtors' promise to pay on the date fixed by the extension proposal is one of the terms thereof.

It would serve no useful purpose to review the act in detail. We refer to a few of the provisions which, in our judgment, plainly disclose that the maturity date of the indebtedness as fixed in the extension proposal as confirmed, is one of the terms thereof—in fact, it is the most important one—and that the court is empowered to order liquidation in case of default.

Paragraph (a) permits a debtor to seek "an extension of time to pay his debts." The same paragraph authorizes the court to impose certain terms as a condition to "liquidation of the estate." Paragraph (g) sets forth the elements which the court must find as a condition to confirmation, among which is (1): "It includes an equitable and feasible method of liquidation for secured creditors. * * *" Par-

agraph (h) provides "the terms of an extension proposal may extend the time of payment of either or both unsecured debts and secured debts. * * *" Paragraph (i) provides that an extension proposal shall be binding upon the debtor and creditors and "That such extension * * * shall not reduce the amount of or impair the lien of any secured creditor, but shall affect only the time and method of its liquidation." Paragraph (l) (5) provides for liquidation in the event the debtor defaults without sufficient reason. Paragraph (m) provides "* * * the jurisdiction and powers of the court, * * * with respect to the property of the debtor * * * shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed. * * *"

The construction sought would greatly impair the benefit which was intended to be conferred upon debtors. It is not to be overlooked that before a debtor's proposal for extension can be approved by the court, it must meet the approval of a majority of all creditors, both in number and in amount of claims. It is readily apparent that such consent would be difficult, if not impossible, of attainment if the court was without authority to enforce payment or liquidation at the extended time, and that the creditors had no rights or protection in the enforcement of their claims except that as provided by the state courts.

Debtors' argument is to the effect that the purpose of Section 74 was merely to provide a method by which debtors could retain their property during an extension period without paying their creditors anything upon the principal indebtedness. In other words, at the end of such period the court is without jurisdiction or authority to liquidate the debtors' property in the interest of creditors and must relegate the parties back to the state court. (In the instant case, the court from which they came.) Such a contention leads to the result that the debtors' promise to pay at the time fixed in the extension proposal is meaningless.

It is also argued that to liquidate debtors' property in the instant proceeding would deprive them of their right of redemption as provided by state law. This contention overlooks the fact that the

debtors, prior to the institution of the instant proceeding, were in the state court where they might have had the benefit of the state law in this respect; but instead, they voluntarily instituted the instant proceeding and obtained an injunction against further proceeding in the state court—in fact, obtained its dismissal. Thus, it is plain that if they have lost any right under the state law, it is because of their own voluntary act and they are in no position to complain.

We are of the opinion that the court had jurisdiction and properly entered the order in question. It is therefore affirmed.